IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CARTER, | CASE NO. 1:06-cr-00196-LJO |
| Movant, | **ORDER DENYING MOTION TO AMEND** |
| vs. | (Doc. 117) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Kenneth Carter ("Mr. Carter") is a prisoner in federal custody proceeding pro se. On August 16, 2012, he filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 108). He then filed a motion to amend his § 2255 motion. (Doc. 112). On December 11, 2012, this Court granted in part and denied in part the claims set forth in Mr. Carter's § 2255 motion. (Doc. 115). With regard to the motion to amend, this Court granted the motion and denied the claims set forth within. (*Id*.). Now before the Court is Mr. Carter's second motion to amend his § 2255 motion which was received by the Court on February 14, 2013. (Doc. 117). Because the Court has already ruled on Mr. Carter's § 2255 motion, the instant motion to amend is DENIED as untimely.

Moreover, even if the Court had not yet ruled on Mr. Carter's § 2255 motion, justice does not require amendment in this case. *See* FED. R. CIV. P. 15(a)(2) (leave to amend should be freely given "when justice so requires"). When deciding whether to grant leave to amend a district court may "take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the

1  amendment, and whether the party has previously amended his pleadings." *In re Morris*, 363 F.3d 891,
2  893 (9th Cir. 2004).  Here, Mr. Carter seeks to amend his § 2255 motion in order to request a concurrent
3  sentence and a lower sentence based on his rehabilitative efforts while incarcerated.  Mr. Carter was
4  aware of the facts of both of these claims when he filed his § 2255 motion thus, he has exercised undue
5  delay.  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (denying leave to amend where the petitioner
6  knew the facts on which the amendment was based when drafting the original complaint).  In addition,
7  amendment would be futile because Mr. Carter does not provide a legal basis for lowering his sentence
8  or imposing a concurrent sentence.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility
9  of amendment can, by itself, justify the denial of a motion for leave to amend.").  Finally, Mr. Carter has
10 already amended his § 2255 motion once.

11      For the reasons set forth above, Mr. Carter's second motion to amend his § 2255 motion is
12 DENIED.

15      IT IS SO ORDERED.
16 **Dated:**   **February 19, 2013**         /s/  Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE